IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Donnie Wallace, #13297-058,  )<br>  )<br>               Petitioner,  )<br>  )<br>      vs.  )<br>  )<br>United States of America,  )<br>Matthew B. Hamidullah,  )<br>  )<br>              Respondents.  )<br>_____ ) | Civil Action No. 8:05-cv-486-SB-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, Donnie Wallace, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. The respondents have filed a motion to dismiss, or in the alternative for summary judgment. The petitioner has responded to that motion and filed a separate motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## STATEMENT OF THE FACTS

The petitioner was arrested by federal authorities on August 9, 2001, for violating the conditions of his supervised release. On August 13, 2001, the petitioner was released from federal custody via a bond approved by the United States District Court for the Western District of North Carolina. (Mem. Supp. Summ. J. Ex. 1 ¶3.) While on federal bond, the petitioner was arrested by Gaston County, North Carolina, law enforcement officials on October 24, 2001, for nine (9) counts of Trafficking in Cocaine and two (2) counts of Maintaining a Place for Controlled Substances. Following this arrest, the petitioner remained within the primary custody of Gaston County officials. *Id*. at ¶4.

On February 25, 2002, the United States Marshals ("USM") borrowed custody of the petitioner from Gaston County via a writ of habeas corpus *ad prosequendum* for sentencing

on his federal supervised release violation. *Id*. at ¶ 5.  On March 4, 2002, The petitioner was sentenced in the United States District Court for the Western District of North Carolina to a 34-month term of imprisonment for Supervised Release Violation. (Mem. Supp. Summ. J. Ex. 2.)  Subsequent to his federal sentencing, the petitioner was returned to the custody of the Gaston County officials.

On May 22, 2003, the petitioner was sentenced in the Gaston County, North Carolina Superior Court to a term of 10 - 12 months imprisonment in case #01CRS65497, and awarded 365 days prior custody credit.  Also on this date, the petitioner was sentenced to a consecutive term of 10 - 12 months imprisonment in case #01CRS65499, and awarded 211 days prior custody credit.  Subsequent to sentencing, the petitioner was placed in the custody of the North Carolina Department of Corrections for service of these two state sentences.  (Mem. Supp. Summ. J. Ex. 3.)  The petitioner remained in the custody of the State of North Carolina until October 6, 2003, at which time he had completed serving the state sentences and was turned over to the USM.  (Mem. Supp. Summ. J. Ex. 1, ¶ 8.)

On November 12, 2003, the USM placed the petitioner in the custody of the BOP and the federal sentence imposed on March 4, 2002, was computed on December 10, 2003.  *Id*. at ¶ 9.  The petitioner's sentence was computed to reflect that his federal sentence commenced on October 6, 2003, the day he was placed in primary federal custody.  He was awarded five (5) days prior custody credit for the time period of August 9, 2001, through August 13, 2001.  This time period consisted of the date of his arrest for violating the conditions of his supervised release to the date he was released on federal bond.  His computation also reflected he could earn a total of 133 days Good Conduct Time, this resulted in a projected satisfaction date of March 20, 2006.  (Mem. Supp. Summ. J. Ex. 4.)

In his petition, the petitioner alleges that the Bureau of Prisons ("BOP") has erroneously computed his federal term of incarceration. Specifically, the petitioner asserts

that his federal sentence should have commenced on March 4, 2002, the day it was imposed, in accordance with United States Sentencing Guideline (USSG) § 5G1.3. The petitioner further asserts he is entitled to an award of prior custody credit for the time period of October 24, 2001, through October 6, 2003, toward his federal sentence. As relief, the petitioner asks the Court to order the BOP to recalculate his federal prison term.

The respondents represent that the petitioner's federal sentence was computed with a commencement date of October 6, 2003, for two reasons. First, the petitioner was not in the primary custody of federal officials until October 6, 2003, thus, pursuant to 18 U.S.C. § 3585(a), that is when the federal sentence commences. Second, the federal Judgment and Commitment was silent as to how the federal term was to run with any other sentence imposed, and pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

## **LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD OF REVIEW**

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**LAW AND ANALYSIS**

**I.  The Respondents' Motion to Dismiss and Motion for Summary Judgment**

    **A.  UNITED STATES AS RESPONDENT**

As an initial matter the United States is not a proper party to this action. The proper party respondent in a habeas corpus petition is the custodian of the prisoner. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973) (writ of habeas corpus is directed to the jailer). The petition should be directed to the "person having custody of the person detained." *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717 (U.S. 2004). In challenges to physical confinement, the proper respondent is the Warden of the facility where the petitioner is confined, "not the Attorney General or some remote supervisory official." *Id*. at 2718; *see also, Blango v. Thornburgh*, 942 F.2d 1487, 1492 (10th Cir. 1991) (AG is not proper respondent in §2241 petition); *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)

(same). Said differently, the proper respondent is the one who has physical control over the person detained, with the power to produce the body of such party before the court or judge. *Rumsfeld*, 124 S. Ct. at 2717 (*citing Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

The United States, therefore, must be dismissed, since the proper respondent is the warden of the institution in which the petitioner is confined, not the United States, its agencies, or the institution itself. *See Scott v. United States*, 586 F. Supp. 66, 68 n.1 (E.D.Va.1984) (citing *Copeland v. State of Mississippi*, 415 F.Supp. 1271, 1272 n.1 (N .D. Miss.1976) (State of Mississippi was not proper respondent in state prisoner's habeas corpus proceeding); *Green v. Bureau of Prisons*, 2002 WL 32619483 *12 (D.Minn.2002)(BOP is not proper respondent).

Thus, the only proper party Respondent is Matthew Hamidullah, Warden, FCI Estill.

### B. THE PETIONER'S CONSECUTIVE FEDERAL SENTENCE

The petitioner first asserts that his federal sentence should be computed to run concurrently with his North Carolina sentences. The respondent contends that 18 U.S.C. § 3584(a)[1] mandates that the federal sentence be deemed consecutive to the state sentence because the federal sentencing judge was silent as to how the federal sentence should run in relation to the state sentence. The Court disagrees that Section 3584 applies to this case because the federal sentencing judge had no reason to

---

[1] Section 3584(a) reads as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

address whether the federal sentence was to run concurrently or consecutively to the state sentence, because at the time of the petitioner's federal sentencing, the state sentence had not been entered. *See Luther v. Vanyur*, 14 F. Supp. 2d 773, (E.D.N.C.1997) (holding no application of Section 3584 and stating, "A federal court would have no reason to order a federal sentence to run concurrently or consecutively unless the imposition of the federal sentence is subsequent to the imposition of the state sentence.")

The Court, however, agrees that U.S.S.G. § 7B1.3(f), and not § 5G1.3, is the controlling sentencing guideline and, therefore, the petitioner's federal sentence should be deemed consecutive. The USSG § 7B1.3, entitled Revocation of Probation or Supervised Release, states in subsection (f):

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

The petitioner is serving his federal sentence for violating the conditions of his supervised release. (Mem. Supp. Summ. J. Ex. 2.) Accordingly, Section 7B1.3(f) instructs that his federal sentence should run consecutive to any sentence of imprisonment, "whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). In addition, Application Note 4 to Section 7B1.3(f) provides:

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3, Application Note 4. Critically, the Fourth Circuit Court of Appeals stated, in *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996), concerning Section 7B1.3:

> A violation of supervised release is a "breach of trust" in connection with the original sentence and the resulting sentence a punishment incident to the original offense. While the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust, imposition of an appropriate punishment for any new criminal conduct would not be the primary goal of a revocation sentence. Instead, the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense. It is for this reason that the Commission requires the sentence imposed upon revocation of supervised release to run consecutively to any sentence for the conduct that was "the basis of the revocation of probation or supervised release."

*Id*. (citations omitted).

Accordingly, the BOP's computation of the petitioner's federal supervised release violation to run consecutive to his state sentence is proper under Section 7B1.3.[2]

### B.     Credit for Prior Custody

The petitioner is also not entitled to prior custody credit for the time period of October 24, 2001, through October 6, 2003. The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes responsibility for computing time credits and determining a sentence termination date once the defendant actually

---

[2] In his response, the petitioner states that the Federal Judgment and Commitment Order expressly committed him to the custody of the United States Bureau of Prisons and, therefore, the "Judge and all parties intended for [him] to be turned over . . . on this date." (Resp. Summ. J. at 2.) This line of argument has been rejected by the Fourth Circuit. *See Thomas v. Whalen*, 962 F.2d 358, 363 (4th Cir. 1992) (holding that "'constructive' receipt" of a prisoner does not satisfy the requirement of "actual receipt"). "[T]he prisoner's federal sentence commenced, at the earliest, when he was finally released by state authorities and physically delivered to federal officials to await transportation to the federal facility where he was to serve his federal sentence." *Id*. (citing *Larios v. Madigan*, 299 F.2d 98, 99-100 (9th Cir. 1962)).

7

commences serving his sentence. *Id*. at 333-35. The awarding of prior custody credit toward federal terms of confinement is codified at 18 U.S.C. § 3585(b)3.

The petitioner has received credit for all presentence custody time toward his state sentence from state authorities. (Mem. Summ. Exhibit 1, ¶ 13.) The petitioner, therefore, is not entitled to receive the same credit for his federal sentence. The courts have consistently held that offenders cannot receive dual credit. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Sinito v. Kindt*, 954 F.2d 467, 470 (7th Cir. 1992); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975); *Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir. 1972); *Doss v. United States*, 449 F.2d 1274, 1275 (8th Cir. 1971); *Culcutta v. Pickett*, 506 F.2d 1061, 1064 (7th Cir. 1974).

The only time the petitioner was in federal custody prior to the imposition of his federal sentence was when the USM borrowed him pursuant to a writ of habeas corpus *ad prosequendum*. The Courts have consistently held a federal sentence does not begin to run when a federal defendant is produced for prosecution by a writ of habeas corpus *ad prosequendum* from state custody. *See Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)(a prisoner is not even "in custody" when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ; he is merely "on loan" to that jurisdictions authorities); *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992). In other words, the state retains primary jurisdiction over the prisoner when a prisoner appears in court pursuant to a writ of habeas corpus *ad prosequendum*. Federal custody does not commence until the state authority relinquishes the prisoner upon satisfaction of the state obligation.

Based upon the fact that the petitioner was not in primary federal custody from the time period of October 24, 2001, through October 6, 2003, he is not entitled to this time period as prior custody credit toward his federal sentence. During this time period, the petitioner was in the primary custody of the State of North Carolina and received jail credit toward his North Carolina sentences for the time period in question.

8

**II.     THE PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

In his motion for summary judgment, the petitioner contends that his sentence is unconstitutional, in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  In *Booker*, the Supreme Court held that the United States Sentencing Guidelines are now advisory; however, the petitioner's conviction and sentence became final prior to that ruling.  The Fourth Circuit has held that *Booker* has no retroactive application under such circumstances.  *See U.S. v. Morris*, 429 F.3d 65, 71-72 (4 th Cir. 2005) ("Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before *Booker* (or *Blakely* ) was decided."); *see also United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir.2005) (holding that Booker "does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005) (holding that Blakely "does not apply retroactively to convictions that were already final at the time the Court decided Blakely ").

Accordingly, the petitioner's summary judgment argument is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be GRANTED and the petitioner's motion for summary judgment be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 1, 2006
Greenville, South Carolina